124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marion T. BEAVEN, Plaintiff-Appellant,
v.
Daniel R. McBRIDE, Teofilo Bautista, and Stephen Kaski,
Defendants-Appellees.
 No. 96-2837.
 United States Court of Appeals, Seventh Circuit.
 July 15, 1997.*
 
 1
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.
 
 
 2
 Before Hon. JOHN L. COFFEY, Circuit Judge Hon. JOEL M. FLAUM, Circuit Judge Hon. MICHAEL S. KANNE, Circuit Judge
 
 ORDER
 
 3
 Marion Beaven, who is incarcerated at the Westville Correctional Center (WCC), brought this pro se civil rights action against the superintendent of WCC, Daniel McBride, and two WCC doctors. 42 U.S.C. § 1983. He alleged that the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment by being deliberately indifferent to his serious medical needs. Specifically, he claimed that Drs. Bautista and Kaski refused to renew his prescription for Lasix, a medication used to control high blood pressure. He also claimed that Superintendent McBride failed to intervene after being made aware of the situation through the WCC grievance process.
 
 
 4
 The district court dismissed the official capacity claims against the defendants after finding that Beaven was seeking only monetary damages, not injunctive or declaratory relief. The court then found that Beaven failed to establish Defendant McBride's personal involvement in the decision whether to prescribe Lasix and, therefore, granted summary judgment in his favor. Finally, the court found that Beaven did not establish deliberate indifference to his medical needs on the part of Drs. Bautista and Kaski and granted summary judgment in their favor We review the district court's summary judgment decision de novo, and will affirm if there is no genuine issue of triable fact and the defendants are entitled to judgment as a matter of law. Vance v. Peters, 97 F.3d 987, 990-91 (7th Cir.1996), cert. denied, 65 U.S.L.W. 3765 (U.S. May 19, 1997) (No. 96-1489); Fed.R.Civ.P. 56(c). We view the record and draw all reasonable inferences in favor of Beaven, however, he has the burden of establishing a genuine factual dispute. Vance, 97 F.3d at 991.
 
 
 5
 The Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir.1997); Vance, 97 F.3d at 991. In order to establish a violation of this duty, a plaintiff must show both that he experienced a serious medical need and that the defendants were deliberately indifferent to this need. Gutierrez, 111 F.3d at 136; Vance, 97 F.3d at 991. Recently we adopted the following standard for determining what constitutes a "serious" medical need: "A serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" Gutierrez, 111 F.3d at 1373 (adopting standard used by First, Third, Tenth and Eleventh Circuits). In order to establish deliberate indifference, a plaintiff must show that the official knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994).
 
 
 6
 Although the district court correctly based its decision on Beaven's failure to establish deliberate indifference on the part of the defendants, neither did he establish that he had a serious medical condition. The record shows that when Beaven first arrived at WCC, he was examined by Dr. Bautista who determined that, based on his blood pressure reading, he did not need medication. From February 14, 1995 (when Beaven made his first request for health care) through April 26, 1995, Beaven was examined by medical personnel on at least ten occasions. On each of these occasions his blood pressure was in the acceptable range and medication was unnecessary. During this time he also received two EKG's, both showed normal sinus rhythm. Moreover, Beaven's blood pressure was evaluated several times a week between July 28, 1995 and September 1, 1995 after he complained about chest pains. Again his blood pressure was within the acceptable range and two additional EKG's showed no evidence that he suffered from a heart attack or stroke.
 
 
 7
 Beaven does not point to any evidence in the record that contradicts the necessary conclusion that he did not have a serious medical need. However, even if he did, as stated above, the district court correctly concluded that he did not establish that the defendants were deliberately indifferent. Beaven does not seriously argue that they were, rather he argues that they did not prescribe Lasix when he wanted them to. We have repeatedly stated that an inmate's disagreement with a prison doctor over treatment options does not establish an Eighth Amendment violation. Snipes v. Derella, 95 F.3d 586, 591 (7th Cir.1996) (citing cases), cert. denied, 117 S.Ct. 980 (1997); see Estelle, 429 U.S. at 293 (a matter for medical judgment, a medical decision, cannot support an Eighth Amendment medical needs claim).
 
 
 8
 Finally, Beaven does not establish the personal involvement of McBride in the treatment decisions made by Drs. Bautista and Kaski. Therefore, summary judgment was properly granted in his favor.
 
 
 9
 The judgment of the district court is AFFIRMED. Moreover, the appeal is frivolous and, therefore, counts as a strike under 28 U.S.C § 1915(g).
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)